UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRES GARCIA VEGA,

    Petitioner,

    v.                           CAUSE NO. 3:26-CV-677-CCB-SJF

BRIAN ENGLISH, et al.,

    Respondents.

## OPINION AND ORDER

Immigration detainee Andres Garcia Vega, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Garcia Vega is a citizen of Mexico who entered the United States without inspection. (ECF 6-2 at 2.) In 2018, he was convicted of a drug offense in the Northern District of Illinois, and was subsequently removed to Mexico. (*Id.* at 7-29.) The Seventh Circuit later reversed his conviction for insufficient evidence, and a judgment of acquittal was entered on remand. *United States v. Garcia*, 919 F.3d 489 (7th Cir. 2019); *see also United States v. Garcia*, No. 23 CR 46, 2023 WL 4864996, at *1-2 (N.D. Ill. July 31, 2023). He later re-

entered the country without inspection and, in 2023, successfully moved to reopen and terminate his removal proceedings.[1] (ECF 6-2 at 18-29.)

In May 2026, removal proceedings were initiated against him a second time. (*Id.* at 30-39.) On May 7, 2026, he was taken into custody by Immigration and Customs Enforcement (ICE) agents in Chicago pursuant to an administrative warrant and served with a Notice to Appear in immigration court. (*Id.* at 37-38.) He was then transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings. (ECF 6-2 at 31.) He states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (ECF 1.) He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates applicable statutes and regulations, as well as the Due Process Clause of the Fifth Amendment. (*Id.* at 13-15.) He seeks immediate release from custody or a prompt bond hearing. (*Id.* at 15-16; ECF 7.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking

---

[1] In 2023, he was criminally charged in the Northern District of Illinois with being present in the United States after having been removed, but this charge was later dismissed on the government's motion after his removal proceedings were reopened and terminated. (ECF 6-3.) Notably, he claimed in that case that when he was removed to Mexico, he was kidnapped and held for ransom; after his family members paid the ransom, his kidnappers allegedly transported him back into the United States and released him in San Antonio, Texas, from which point he made his way back to Chicago. *Garcia*, 2023 WL 4864996, at *1.

admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Respondents answered the petition (ECF 6), and Mr. Garcia Vega filed a reply (ECF 7).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Garcia Vega is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in

3

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[2] *See*

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C.

§ 1225(b)(2) does not apply to individuals like Mr. Garcia Vega who are arrested within

the interior of the country years after their arrival. That leads the court to 8 U.S.C.

§ 1226(a), the "default rule" for detention of noncitizens who are "already present in the

United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a

warrant issued by the Attorney General, an alien may be arrested and detained" while

removal proceedings are pending, and the Attorney General "(1) may continue to detain

the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional

parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has

held that a noncitizen detained under § 1226(a) is entitled to an individualized bond

hearing. *Jennings*, 583 U.S. at 306.

---

[2] A split panel of the Seventh Circuit recently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, ___F.4th___, 2026 WL 1223250 (7th Cir. May 5, 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Lopez-Campos v. Raycraft,* ___F.4th___, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden,* ___F.4th___, 2026 WL 1243395 (11th Cir. May 6, 2026); *Barbosa da Cunha v. Freden*, ___F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The court remains convinced that its analysis of § 1225(b)(2) is sound until additional guidance comes from the Seventh Circuit.

Here, Mr. Garcia Vega was arrested pursuant to a warrant, which accords with § 1226(a).[3] (ECF 6-2 at 37.) However, he has not been granted an opportunity for bond because the government views him as ineligible for bond under § 1225(b)(2). This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Garcia Vega any relief until he exhausts all available administrative remedies. (ECF 6 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand

---

[3] The actual warrant is not amongst the exhibits submitted with the response, but immigration records reflect that Mr. Garcia Vega's arrest was "effectuated pursuant to a Warrant for Arrest, Form I-200, which was signed prior to the arrest by Supervisory Detention and Deportation Officer (SDDO) Bennett." (ECF 6-2 at 37.) A presumption of regularity attaches to these records. *See United States v. Zuniga*, 767 F.3d 712, 720 (7th Cir. 2014) ("Under the presumption of regularity doctrine, we will presume that public officers will properly carry out their official duties, so long as there is no evidence to the contrary."); *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001) ("The 'presumption of regularity' supports official acts of public officers. In the absence of clear evidence to the contrary, the doctrine presumes that public officers have properly discharged their official duties. . . . The doctrine thus allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary.") (citations omitted). Mr. Garcia Vega has not provided evidence to rebut this presumption and acknowledges in his reply that he was arrested pursuant to an administrative warrant (ECF 7 at 4). *See Varela Martinez v. Warden*, No. 3:25-CV-1057-DRL-SJF, 2026 WL 322742, at *3 (N.D. Ind. Feb. 6, 2026) (Leichty, J.) (immigration detainee did not overcome presumption of regularity that attached to official immigration records).

that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Here, the court finds that it would have been futile for Mr. Garcia Vega to pursue a bond request within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). It is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Mr. Garcia Vega as categorically ineligible for bond.

Recent proceedings in a case out of California further support the conclusion that it would be futile to require him to pursue administrative remedies before granting him habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal filed*, *Bautista, et al. v. United States Dep't of Homeland Security, et al.*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a motion for a custody redetermination filed by an individual like Mr. Garcia Vega, who is outside of California. These recent proceedings also confirm

that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Although Mr. Garcia Vega presses for outright release, the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because Mr. Garcia Vega is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach his arguments that he cannot get a fair bond hearing because of a "pervasive climate of fear" amongst immigration judges, and that the government should bear the burden of proving he is not entitled to release at any bond hearing that occurs. (ECF 7.) At this point, it is unclear how the government intends to proceed now that the

court has determined he cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if he is given a bond hearing he might prevail before an immigration judge or be able to obtain relief from the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3); *see also Z.G. v. Olson,* ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination). Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and **ORDERS** the Respondents to release Andres Garcia Vega on or before **June 15, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order by **June 17, 2026.**

SO ORDERED on June 5, 2026.

*/s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT